**FILED**

APR 22 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CR. No. 05-206M (JMF)

LYNWOOD T. DAVIS,

**Defendant**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant

be detained pending trial. After a hearing, the government's motion was granted, and this

memorandum is submitted to comply with the statutory obligation that "the judicial officer

shall—include written findings of fact and a written statement of the reasons for the detention."

18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1.  On April 17, 2005, the police responded to a domestic dispute call at Apartment

    103, 1821 Savannah Street, SE, Washington, D.C. A woman told the police that

    the defendant had pointed a gun at her. The defendant told the police that the gun

    was in a trash can in the apartment but refused to admit them to the apartment

    without a warrant.

2.  The police then secured a warrant from the Superior Court and re-entered the

    apartment. They found the gun where the defendant said it was. They also found

    a substantial quantity of crack in the apartment, along with indicia that it was

being packaged for re-sale. Specifically, the police found empty ziplock bags, a scale, and plates used to cut the crack into smaller rocks. I found that there was probable cause to believe that the defendant possessed the crack with intent to distribute it.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that the defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C). If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1.    The nature and circumstances of the offense charged, including whether the

2

offense is a crime of violence or involves a narcotic drug;

2.　　The weight of the evidence;

3.　　The history and characteristics of the person, including

　　a.　　His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

　　b.　　Past conduct, history relating to drug or alcohol abuse;

　　c.　　Criminal history;

　　d.　　Record concerning appearance at court proceedings;

　　e.　　Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.　　The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** "Crack" is, of course, a narcotic drug.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant is unemployed and has lived in the District of Columbia all of his life.

**The weight of the evidence.** Since the defendant told the police where the gun was, he

faces an overwhelming government case on that charge. While somewhat less certain, the presence of the crack and the materials and objects used to process it in the apartment makes for a relatively strong government case on that point.

**History relating to drug or alcohol abuse.** The defendant indicates drug use within the past week.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.** The defendant has a substantial criminal record, including prior felony convictions for suborning perjury and obstructing justice. He also has a prior gun conviction. On one or more of his felony convictions, his parole was revoked, but after he spent more time in prison, he completed parole successfully. Finally, he is on pre-trial release in Fairfax County on a domestic assault case involving the same victim as the one in this case whose complaint brought the police to the apartment in the first place.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. The defendant has a substantial criminal record and had his parole revoked. He was on pre-trial release when he was arrested in this case. While I understand that the victim in this case and in the Fairfax case are the same and the defendant protests that she initiated the visit, I am certain that the judge in Fairfax certainly did not expect that the defendant would get a gun and package crack for re-sale when that judge released him. His earlier unfaithfulness to his parole and his present unfaithfulness to the conditions of his pre-trial release rob me of any confidence that he would be any more faithful to the conditions of release I would

set. There is nothing here to rebut the presumption of dangerousness created by the Bail Reform Act. I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community. I will, therefore, order the defendant detained without bond pending trial.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

April 22, 2005

5