## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : : : | Criminal No.: 05-168 (Cr) |
| v. | : : | |
| LYNWOOD T. DAVIS | : : | |
| Defendant. | : : : : | |

### MOTION TO SUPPRESS STATEMENTS WITH POIINTS AND AUTHORITIES IN SUPPORT THEREOF

COMES NOW the defendant, Lynwood T. Davis, by and through counsel Charles F. Daum, who respectfully moves this Court to suppress as evidence against him all oral statements allegedly made by him subsequent to his arrest in this case. As grounds, defendant submits the following:

1.    On April 17, 2005 at approximately 6:00 PM officers from the Metropolitan Police Department were dispatched to the location of 1821 Savannah Street S.E. in response to a call for a man with a gun.

2.    Upon arrival officers met with the complainant, a person they did not know. The complainant alleged that defendant Davis had threatened her with a handgun inside an apartment located at 1821 Savannah Street S.E.

3.    The complainant pointed out the defendant who was outside the building to the officers, who then approached the defendant and effected an arrest outside of 1821 Savannah Street S.E.

4.    Subsequent to the defendant's arrest the defendant was questioned without any Miranda warnings being given. It is alleged that the defendant made oral statements in response to such interrogation.

Wherefore, given the aforementioned averments the defendant requests that his motion be granted.

## MEMORANDUM IN SUPPORT OF MOTION WITH POINTS AND AUTHORITIES

Any statements resulting from the custodial interrogation of the defendant must be suppressed. As a result of the Fifth Amendment's protection against self-incrimination; the prosecution may not use statements derived from a custodial interrogation that was not in compliance with the requirements of Miranda v. Arizona, 384 U.S. 436 (1966). In Miranda , the Court established certain procedural safeguards to insure that the decision to forego the protection of the Fifth Amendment was a knowing, and voluntary one. The government bears the heavy burden of establishing that proper Miranda warnings were given to the accused and that an intelligent and voluntary waiver of those rights occurred prior to the questioning of the person. Miranda, 384 U.S. at 475. In Moran v. Burbine, 475 U.S. 412(1986), the Court, in re-affirming the high level of proof necessary for a determination that the waiver of the Miranda rights was proper, stated:

First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made

with a full awareness of both the nature of the right being abandoned  and the
consequences of the decision to abandon it. Only if the "totality of the
circumstances surrounding the interrogation" reveals both an uncoerced choice
and the requisite level of comprehension may a court properly conclude that the
<u>Miranda</u> right have been waived.

Id. At 421. Thus, the government may not satisfy its high burden of proof by the

mere introduction of a signed waiver of rights card.

   In the present case, the facts and circumstances surrounding the arrest and

interrogation of Mr. Davis do not support a finding thata the alleged waiver of his

<u>Miranda</u> rights was a knowing, voluntary, and intelligent one. In fact here no

<u>Miranda</u> warning was given at all. Thus, the statements attributed to Mr. Davis

must be suppressed. Furthermore, any other information or evidence resulting

from the aforementioned statement, being the "fruit" of the illegally obtained

statement, must also be suppressed. <u>Wong sun v. United States</u>, 371 U.S. 471

(1963).

   In addition to establishing that the interrogation complied with the

requirements <u>Miranda,</u> the government must prove that all statements were

voluntarily made in all other respects. The requirements that statements must be

voluntary is rooted in the Due Process Clause of the Fifth and Fourteenth

Amendments. <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985); <u>Michigan v. Tucker</u>, 417

U.S. 433 (1974). Statements that are not voluntarily made are inadmissible as

inherently untrustworthy and their use violates our fundamental sense of decency.

<u>Spano v. New York</u>, 360 U.S. 315 (1959); <u>Brown v. Mississippi,</u> 297. U.S. 278

(1936). A statement is not voluntarily made if it is "extracted by any sort of

threats or violence [or] obtained by any direct or implied promises, however

slight, [or] by the exertion of any improper influence. "<u>Hutto v. Ross,</u> 429 U.S.

q28, 30 (1976); <u>Miller v. Fenton</u>, 796 F .2d 598, 608, (3rd Cir.) <u>cert.denied,</u> 479

U.S. 989 (1986). The government must show that the statement was not the

product of physical coercion or psychological coercion or by improper

inducement which overwhelmed the person's free will. <u>Hayne v. Washington,</u> 373

U.S. 503, 513 (1963).

    In the present case, the circumstances of the interrogation of Mr. Davis,

resulted in statements which were not the product of his free will. Thus, the

statements must be suppressed. See, <u>Huto v. Ross</u>, 429 U.S. 28 (1976); <u>Brady v.</u>

<u>United States,</u> 397 U.S. 742(1970); <u>Grady v. Boles</u> 398 F. 2d 409 (4th Cir. 1968).

    Wherefore, for the foregoing reasons and for any which may occur to the

Court at a full hearing on this motion, it is respectfully requested that the Motion

To Suppress Statements be granted.

                Respectfully submitted,

                Charles F. Daum
                736 5th Street NE
                Washington, DC 20002
                 202-546-8886

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this Motion was sent via Postal service this 16th day of June, 2005 to Assistant United States Attorney Trena Carrington , Office of the United States Attorney,  555 4th Street NW, Washington, DC 20001.

_____

Charles F. Daum