UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 05-168(Cr) |
| v. | : | |
| LYNWOOD T. DAVIS, | : | August 4, 2005 |
| Defendant. | : | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION OF MOTION TO SUPPRESS EVIDENCE**

COMES NOW, the defendant, Lynwood T. Davis, by and through counsel Charles F. Daum, who respectfully submits this reply to the Government's Opposition of the Motion to Suppress Evidence. The defense seeks to clarify, in response to the government's concession that the defendant's statements were obtained absent Miranda warnings, that this constitutional violation necessitates the exclusion of both Davis' statements and also the physical evidence collected at his home. Because the affidavit upon which the search warrant was issued contained the defendant's inadmissible statements, the search warrant and subsequent evidence collected are the fruits of the police illegality. The search warrant cannot be purged of this taint because the untainted portions of the affidavit do not independently establish probable cause.

Additionally, the defense moves the court to grant the motion to suppress evidence not only for the reasons stated above and in the original motion to suppress, but also following the government's admission that the police violated the knock-and-announce requirement of the Fourth Amendment when they searched Davis' home. This violation was not required by exigent circumstances and did not fall under any lawful exception to the rule. Davis suffered both

1

Fourth and Fifth Amendment violations as a result of illegal police conduct in this case, and accordingly all evidence derived from these illegalities must be suppressed.

**ARGUMENT**

I. POLICE OFFICERS' FAILURE TO GIVE MIRANDA WARNINGS RESULTED IN COERCED STATEMENTS BY THE DEFENDANT WHICH ARE INADMISSIBLE ALONG WITH ALL SUBSEQUENT EVIDENCE OBTAINED AS THE FRUIT OF ILLEGALLY COERCED STATEMENTS.

When a defendant's constitutional rights have been breached, the appropriate remedy is the exclusion of all unlawfully obtained evidence. United States v. Simon, 368 F. Supp.2d 73 at 79 (D.D.C. 2005) (construing Wong Sun v. United States, 371 U.S. 471, 488 (1963)). The government concedes that the defendant in this case, Lynwood Davis, suffered a constitutional violation when police failed to give him Miranda warnings subsequent to his arrest. Government's Opposition to Defendant Davis' Motion to Suppress Evidence, 1 (No. 05-168). Miranda warnings are necessary to accord a defendant his Fifth Amendment privilege against self-incrimination, and statements made in the absence of Miranda warnings are presumed to be inherently coerced and inadmissible under the exclusionary rule as the fruit of a constitutional violation. See Dickerson v. United States, 530 U.S. 428 (2000); Miranda v. Arizona, 384 U.S. 436 (1966).

This exclusionary rule also extends to physical evidence resulting from incriminating statements. United States v. Hubbell, 530 U.S. 27 (D.D.C. 2000); United States v. Jones, ___ F. Supp.2d ___ (D.D.C. 2005) (WL 1444216). In Jones, decided in June 2005 by the District Court for the District of Columbia, the court held that the defendant's inadmissible statement, "[a]ll I have is a bag of weed," which led to the police to search for and discover a bag of marijuana, tainted that search for physical evidence, and thus the marijuana must be suppressed

2

as the fruit of an illegal search.  Jones, ___ F. Supp.2d at 8.  Similarly, in the present case, Davis' statements made to the police, which the government concedes are inadmissible and led to their belief that he was concealing an illegal firearm in his apartment, tainted the subsequent search for physical evidence.  Government's Opp'n to Def.'s Mot. To Suppress Evidence at 2-3.  Accordingly, as in Jones, the fruits of that search must be suppressed to give effect to Davis' constitutional rights.

II. THE EVIDENCE SEIZED FROM DAVIS' HOME IS INADMISSIBLE AS THE SEARCH WARRANT WAS NOT PURGED OF THE PRIMARY TAINT OF THE COERCED STATEMENTS AND INDEPENDENTLY LACKED PROBABLE CAUSE TO SUPPORT A LEGAL SEARCH

Conceding that Davis' statements are inadmissible, the government then bears the burden of establishing that the physical evidence was not obtained by the exploitation of the illegality but instead by means sufficiently distinguishable to be purged of the primary taint.  Wong Sun, 371 U.S. at 492.  To purge the taint of the unlawfully coerced statements, as the only exceptions to the exclusionary rule for physical evidence, the government must prove that: the discovery of that evidence was inevitable; it was sufficiently attenuated in time from the illegality; or, that the police could establish probable cause independent of the unlawful action.  See Id.  The prosecution contends that the search warrant and subsequent search of Davis' apartment were legal because the officers had probable cause to search even without the defendant's coerced statements.  Government's Opp'n to Def.'s Mot. To Suppress Evidence at 6.  However, the prosecution fails to demonstrate that a magistrate would issue a search warrant in a case with only one alleged witness whose credibility is unknown and whose statements the police are unable to corroborate in any manner.

The prosecution correctly cites the role of the magistrate to "make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge,' of person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).  However, the prosecution fails to provide any evidence of either veracity and basis of knowledge, and thus clearly fails to show that a magistrate would issue a search warrant under the circumstances of this case.   The only legal evidence contained in the affidavit are the statements of one witness whose credibility is questionable and whose statements do not contain sufficient indicia of reliability to establish probable cause.  The police were unable to corroborate any of her statements.  Even a search of the defendant subsequent to arrest failed to uncover any evidence of wrongdoing or support for the complainant's claims.

The prosecution states that, "in cases where statements are made by a victim-eyewitness, those statements are sufficient, standing alone, to establish probable cause," yet it fails to provide any examples from caselaw that articulate this principle and the defense is also unable to find any cases supporting it.  Government's Opp'n to Def.'s Mot. To Suppress Evidence at 6. Conversely, in Gates, a case cited by the prosecution, the Court accepted a finding of probable cause specifically because the informant's tip contained predictive information and was corroborated by independent police investigation, thus supporting the veracity and basis of knowledge of the informant.  See Gates, 462 U.S. at 243-46 (1983).  Without such corroboration, the tip standing alone would not have met the standard for probable cause.  See Id.  The Court of Appeals for the District of Columbia has also held that the reliability of a tip must be substantiated to rise to the level of probable cause.  See United States v. Laws, 808 F.2d 92, 100

(D.C. 1986). The court stated that a tip can be substantiated by establishing the credibility of the informant or by external circumstances that verify the informant's statements in this case. Id. However, the affidavit and motion filed by the government lack these or any other methods of corroboration of the complainant's statements and, accordingly, can not alone support a finding of probable cause.

Without the defendant's incriminating statements, the police lacked any indicia of reliability or corroborating evidence to support the veracity of the complainant's statements. The officers could not have established probable cause for a valid search warrant with only the untainted facts from the affidavit. The search was not supported by probable cause independent from the coerced statements. Consequently, the evidence uncovered, not having been purged from the primary taint, must be suppressed.

III.   POLICE OFFICERS' FAILURE TO KNOCK AND ANNOUNCE THEIR PRESENCE BEFORE ENTERING THE DEFENDANT'S HOME VIOLATED THE FOURTH AMENDMENT STANDARD OF A REASONABLE SEARCH AND SEIZURE AND THUS THE EVIDENCE UNCOVERED IS INADMISSIBLE IN COURT.

Police officers are generally required, under the Fourth Amendment protection against unreasonable searches and seizures and 18 U.S.C. § 3109 (1994), to knock and announce their presence before executing a search warrant at a defendant's home. See Richards v. Wisconsin, 520 U.S. 385, 393-94 (1997). The only exceptions to this requirement arise when police have a reasonable suspicion that, under particular exigent circumstances, knocking "would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." Richards, 520 U.S. at 394; See also United States v. Ramirez, 523 U.S. 65, 70-73 (1998). Because the police officers in the present case did not knock before entering Davis' home, and because the officers had no reasonable belief that exigent

circumstances threatened their effective investigation, their search was unreasonable and did not meet the Fourth Amendment standard.

The prosecution admits that the police officers did not knock before entering Davis' home with a battering ram. Government's Opp'n to Def.'s Mot. To Suppress Evidence at 7-8. While the prosecution concedes that "knocking before entering would be preferable – and, indeed, would be required in most circumstances," it argues that the officers' actions were permissible because they believed no one was home. Id. at 8. However, the government fails to demonstrate (A) how the officers' belief that no one was home was reasonable and (B) why that belief would give rise to any exception to the knock-and-announce rule. "Absent [a showing of] sufficiently exigent circumstances, a failure to knock and announce properly requires suppression of the evidence seized." United States v. Drummond, 98 F. Supp. 2d 44, 49 (D.D.C. 2000).

 A. The police officers' belief that Davis' home was empty was not supported by sufficient indicia of reliability to justify a reasonable belief.

The police officers' belief that there was no one inside Davis' home must be deemed reasonable before conducting any analysis as to whether such conditions would even apply to the exigent-circumstances exceptions. See United States v. Banks, 540 U.S. 31, 38-39 (2003). Here, the only supporting evidence offered by the prosecution is that the defendant and the complainant told the police that there was no one inside Davis' home. Government's Opp'n to Def.'s Mot. To Suppress Evidence at 8. However, the police were unwilling to accept any of defendant Davis' other statements concerning the events of the evening as truthful, so it appears incongruous that they would selectively believe only this statement. Additionally, the complainant, besides having no demonstrable credibility, was not in a position to know with any certainty who was inside Davis' home; she was not a resident of the apartment and had not even been inside the premises for over five hours by the time the search was conducted. The fact that

6

the police were watching the entrance to the apartment from the time they arrested Davis also does not reasonably guarantee that no one remained inside the apartment. Given the lack of indicia of reliability, the police could not be reasonably certain that the home was empty and that no knock was necessary before entering.

    B. <u>The circumstances of this case, which lacked exigency, did not give rise to any exception to the knock-and-announce rule.</u>

Even if the police did reasonably believe that Davis' home was empty, they were still required to knock since a belief that an apartment is empty does not fall under the narrowly-tailored knock-and-announce exceptions. The exceptions apply in the face of exigent circumstances in order to protect the safety of the officers and prevent the destruction of evidence. <u>See</u> <u>Richards</u>, 520 U.S. at 394; <u>See, e.g.</u>, <u>Banks</u>, 540 U.S. at 38 (holding that waiting just 15-20 seconds after knocking was sufficient only when the cocaine evidence sought could be destroyed with more time); <u>Ramirez</u>, 523 U.S. at 73 (holding that the police could break a window in the garage, without knocking first, to discourage a prison escapee with a violent past from arming himself before the police could protect themselves). In both <u>Banks</u> and <u>Ramirez</u>, the Court emphasized that these exceptions were narrowly-drawn to give the most privacy protection to the defendant as possible without frustrating the safety and effectiveness of the police search. <u>See</u> <u>Banks</u>, 540 U.S. at 41; <u>Ramirez</u>, 523 U.S. at 70.

In this case, however, the officers did not need an exception because the safety and effectiveness of their search would not have been frustrated had they properly knocked and announced their presence. Since the officers justified their knockless entry upon their certainty that no one was inside the home, they could not have been concerned about the destruction of evidence or violence occurring in an empty apartment. Without exigent circumstances

necessitating that the officers not announce their search at the outset, there was no reason for the officers to have disregarded the knock-and-announce rule.

The prosecution claims that breaking the knock-and-announce rule is excused under these circumstances because knocking before entering an empty house is "futile." Government's Opp'n to Def.'s Mot. To Suppress Evidence at 8. However, due to the lack of reliability in the officers' belief that the apartment was empty, they could not be reasonably certain that knocking would be "futile." Furthermore, given that the officers' search would in no way have been compromised by observing the knock-and-announce rule, and that protecting a citizen's constitutional rights should never be considered "futile," the police should not be excused for needlessly failing to obey the rule. The Court in Richards warned that, "[i]f a per se exception were allowed for each category of criminal investigation that included a considerable – albeit hypothetical – risk of danger to officers or destruction of evidence, the knock-and-announce element of the Fourth Amendment's reasonableness requirement would be meaningless." Richards, 520 U.S. at 394.

Caselaw from the District of Columbia emphasizes the principle stated in Richards that exceptions to the knock-and-announce rule should be kept at a minimum in order to give meaning to the Fourth Amendment. See Artis v. United States, 802 A.2d 959, 968 (D.C. 2002); Drummond, 98 F. Supp. 2d at 49. Not only does the prosecution ignore this fact, but it misleadingly cites Artis in support of its claim that the police should be excused for their violation. Government's Opp'n to Def.'s Mot. To Suppress Evidence at 8-9. While in Artis the Superior Court held that the defendant lacked standing to challenge the police's failure to knock and announce before searching his residence, its ruling would not apply to the present case where Davis, as the lessee of his apartment, has a proprietary interest in the location of the search and suffers personal damage when the front door to his residence is destroyed by a battering ram.

8

See Artis, 802 A.2d at 970.  Furthermore, the court, while unable to rule on this point, is careful to dictate that, "[i]f Artis had standing, . . . his trial counsel might have moved prior to trial to suppress on knock and announce grounds, and the trial court might have granted the motion and suppressed the handgun and ammunition found in his living room." Artis, 802 A.2d at 968-69.

The police officers' failure to knock before entering Davis' home cannot be condoned by their uncorroborated belief that the apartment was empty. Neither the officer's safety nor ability to collect evidence would have been compromised by knocking before entering, and constitutional protections may only be impeded to the minimal amount possible when necessitated by exigent circumstances.  Since the officers' knockless entry constituted an unnecessary infringement on Davis' Fourth Amendment rights, the search was not permissible and all evidence resulting, as the "fruit" of the illegal search, must be suppressed.  Wong sun v. United States, 371 U.S. 471 (1963).

## II. CONCLUSION

Wherefore, for the foregoing reasons, it is respectfully requested that the Motion to Suppress Statements be granted.

Respectfully Submitted,

Charles F. Daum
736 5th Street NE
Washington, DC 20002
(202) 546-8886

9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing reply to government's opposition of motion to suppress evidence was delivered on August 4, 2005, via first-class mail, to the following counsel of record:


Bruce G. Ohr
Chief Organized Crime and Racketeering Section
United States Department of Justice
1301 New York Ave, NW
Washington, DC 20530
(202) 514-3595

_____
Charles F. Daum, Esquire
736 5th Street, NE
Washington, D.C. 20002
(202) 546-8886