UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-168 |
| | : | |
| v. | : | |
| | : | |
| LINWOOD DAVIS | : | Trial Date: September 27, 2005 |

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS AND JURY INSTRUCTIONS**

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its proposed voir dire questions and jury instructions.

**I. PROPOSED VOIR DIRE QUESTIONS**

In addition to the standard questions used by the Court, the government respectfully requests that the Court ask the following questions, or questions dealing with the same subject matter posed in any form by the Court:

1. Do any of you have any familiarity with firearms?

2. Do you have any experiences with domestic violence? Would your opinion in any way effect your ability to be fair and impartial to both sides in this case?

3. Do you feel it is appropriate or inappropriate for police officers to conduct search warrants in narcotics cases? Would your opinion in any way effect your ability to be fair and impartial to both sides in this case?

4. Do you regularly watch any television programs dealing with crime scene investigation, procedure, or forensic science? Will you be able to keep this information from influencing you as a juror?

## II.     PROPOSED JURY INSTRUCTIONS

In addition to the standard instructions used by the Court, the government respectfully requests that the Court instruct the jury as follows:

I. Instructions Before and During Trial

| | |
|---|---|
| Instruction 1.02 | Note taking by Jurors |
| Instruction 1.03 | Preliminary Instruction Before Trial |
| Instruction 1.04 | Definitions |
| Instruction 1.05 | Cautionary Instruction Prior to First Recess |
| Instruction 1.07 | Question Not Evidence |
| Instruction 1.08 | Expert Testimony |
| Instruction 1.09 | Sua Sponte Limiting Instructions |
| Instruction 1.10 | Evaluation of Prior Inconsistent Statement of a Witness |
| Instruction 1.11 | Evaluation of Prior Consistent Statement of a Witness |
| Instruction 1.14 | Impeachment of Defendant -- Statements |
| Instruction 1.15 | Cautionary Instruction -- Photographs of the Defendant |
| Instruction 1.20 | Questions by Jurors |

II. Final Instructions

    A. General/Introductory

| | |
|---|---|
| Instruction 2.01 | Function of the Court |
| Instruction 2.02 | Function of the Jury |
| Instruction 2.03 | Jury's Recollection Controls |
| Instruction 2.04 | Evidence in the Case -- Judicial Notice, Stipulations, Depositions |

Instruction 2.05   Statements of Counsel

Instruction 2.06   Indictment or Information Not Evidence

Instruction 2.07   Inadmissible and Stricken Evidence

Instruction 2.08   Burden of Proof -- Presumption of Innocence

Instruction 2.09   Reasonable Doubt

Instruction 2.10   Direct and Circumstantial Evidence

Instruction 2.11   Credibility of Witnesses

Instruction 2.13   Number of Witnesses

Instruction 2.14   Nature of Charges Not to be Considered

   B.   Evaluation of Testimony

Instruction 2.26   Police Officer's Testimony

Instruction 2.27   Right of Defendant Not to Testify

Instruction 2.28   Defendant as Witness

Instruction 2.29   False or Inconsistent Statement by Defendant

Instruction 2.31   Effect of Refusal of Witness to Answer Proper Question

   C.   Evaluation of Other Evidence

Instruction 2.42   Character and Reputation of Defendant

Instruction 2.43   Cross-Examination of Character Witness

Instruction 2.44   Flight or Concealment by Defendant

Instruction 2.48   Statements of the Defendant --Substantive Evidence

Instruction 2.49   Defendant's Statements -- Corroboration

Instruction 2.52   Multiple Counts   One Defendant

D. Closing Remarks

| | |
|---|---|
| Instruction 2.71 | Selection of Foreperson |
| Instruction 2.72 | Unanimity |
| Instruction 2.73 | Exhibits During Deliberations |
| Instruction 2.74 | Possible Punishment Not Relevant |
| Instruction 2.75 | Communications Between Court and Jury During Jury's Deliberations |
| Instruction 2.76 | Furnishing the Jury With a Copy of the Instructions |

E. After Deliberations Begin

Instruction 2.91    When Jurors Cannot Agree

III. Definitions and Proof

| | |
|---|---|
| Instruction 3.02 | Proof of State of Mind |
| Instruction 3.07 | "On or About" -- Proof of |
| Instruction 3.08 | Possession Defined |

IV. Offenses

    Narcotic Offenses – See attached

    Weapons Offenses – See attached

ATTACHMENT

**TEXT OF GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

# INSTRUCTION NO. \_\_\_\_

**COUNT ONE**

## POSSESSION A FIREARM BY A PERSON PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT OF A TERM EXCEEDING ONE YEAR[1]

### 18 USC 922(g)(1)

<u>Title 18, United States Code, Section 922(g)</u>, makes it a Federal crime or offense for anyone who has been convicted of a crime punishable by imprisonment for a term exceeding one year – that is a felony, to possess any firearm in or affecting interstate commerce. The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the Defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

Second:   That before the Defendant possessed the firearm the Defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

The term "interstate commerce" includes the movement of a firearm between any place in one state and any place in another state. It is not necessary for the Government to prove that the Defendant knew that the firearm had moved in interstate commerce before the Defendant possessed it, only that it had made such movement.

The term "possession" is as follows. There are two kinds of possession: actual and constructive. A person has actual possession of something if he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item, alone or with someone else.

---

[1] Pattern Crim. Jury Instr. 11th Cir. OI 34.6 (2003)

## INSTRUCTION NO. \_\_\_\_

**COUNT TWO**

### POSSESSION WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF COCAINE BASE - CRACK[2]

### 21USC 841(a)(1)

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Cocaine base, also known as crack is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:   That the Defendant knowingly and willfully possessed cocaine base also known as crack as charged;

Second:  That the Defendant possessed the substance with the intent to distribute it; and

Third:   That the weight of the cocaine base also known as crack possessed by the Defendant was in excess of 50 grams as charged.

The term "possession" is as follows. There are two kinds of possession: actual and constructive. A person has actual possession of something if s/he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item, alone or with someone else.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The Defendant is charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance. However, you may find the Defendant guilty of

---

[2] Pattern Crim. Jury Instr. 11th Cir. OI 34.6 (2003)

the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

**INSTRUCTION NO. \_\_\_\_**

**COUNT THREE**

<u>**USING, CARRYING, OR POSSESSION A FIREARM**[3]</u>
<u>**DURING A DRUG TRAFFICKING OFFENSE**</u>

<u>**18 U.S.C. § 924(c)**</u>

Defendant Davis is charged in Count 2 with a violation of 21 U.S.C. section 841. The essential elements of the offense of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, each of which the government must prove beyond a reasonable doubt, are:

First:   That the defendant committed the crime charged in Count Two. Possession of a controlled substance with intent to distribute is a drug trafficking crime which may be prosecuted in a court of the United States.

Second:   That the defendant knowingly possessed a firearm in furtherance of the crime charged in Count TWO

Now, I will give you more detailed instruction on some of these terms.

The term "possession" is as follows. There are two kinds of possession: actual and constructive. A person has actual possession of something if s/he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item, alone or with someone else.

The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count Two and that the firearm was strategically located so that it was quickly and easily available for use.

"Carrying" a firearm includes carrying it on or about one's person

---

[3] Tenth Circuit Model Criminal Jury Instruction 2.89; <u>United States v. Verners</u>, 53 F.3d 291, 195 (10th Cir. 1995); Fifth Circuit Model Jury Instructions.

To establish "use," the government must prove active employment of the firearm during and in relation to the crime charged in Count Two. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime charged in Count Two. "Use" requires more than mere possession or storage.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime charged in Count Four; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime charged in Count Four, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

## COUNT FOUR

### POSSESSION OF MARJIUANA[4]

### 21USC 844(a)

Title 21, United States Code, Section 844(a), makes it a Federal crime or offense for any person knowingly or intentionally to possess any schedule I controlled substances.

Marijuana is such a schedule I controlled substance within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

That the Defendant knowingly and willfully possessed Marijuana as charged;

> The term "possession" is as follows. There are two kinds of possession: actual and constructive. A person has actual possession of something if s/he has direct physical control over it. He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item, alone or with someone else.


Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
  /S/
Lincoln S. Jalelian
U.S. Department of Justice

---

[4] Pattern Crim. Jury Instr. 11th Cir. OI 34.6 (2003)

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served by electronic filing upon the attorneys for the defendant, Charles F. Daum 736 Fifth Street, NE Washington, DC 20002, (202) 546-8886; (202) 546-0330 (fax); charlesdaum@verizon.net, this 7th day of July, 2005.

                                            /S/
                                            Lincoln S. Jalelian