UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-168 |
| | : | |
| v. | : | |
| | : | |
| LYNWOOD T. DAVIS | : | Trial Date: September 27, 2005 |

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT
EXCITED UTTERANCES AND PRESENT SENSE IMPRESSIONS
OF THE VICTIM**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to admit one 911 emergency telephone call and the statements made to police under both the hearsay exception for excited utterances and as present sense impressions.

Factual Background

On April 17, 2005, Officers with the Metropolitan Police Department responded to a 911 call that reported a woman had been assaulted and threatened with a gun at 1821 Savanna Street, SE in Washington DC. As a result of the call and within one to two minutes, police officers were on the scene. The victim of the assault was outside the apartment and spoke to the police. She was upset, angry and relatively irate but not crying. As a result of interviews with her police learned that her former boyfriend had assaulted her with a handgun in the apartment and that it was his apartment. All the conversations with the victim and police took place within a very short period of time after the incident -- within minutes. The police went to the apartment and the defendant

appeared at the door, exited the apartment at their requested, closed and locked the apartment door behind him. The defendant was detained for assault with a dangerous weapon. As a result of further investigation, the police sought and received a search warrant. The search revealed approximately 160 grams of crack cocaine and loaded 9 mm Luger semiautomatic pistol and magazine. The officers then arrested the defendant.

Argument

The Excited Utterance Exception to the Hearsay Rule

There are three prerequisites to the admission of a statement under the excited utterance exception: 1) the presence of a serious occurrence which causes a state of nervous excitement or physical shock in the declarant; 2) a declaration made within a reasonably short period of time after the occurrence so as to assure that the declarant has not reflected upon his statement or premeditated it; and 3) the presence of circumstances which in their totality suggest spontaneity and sincerity of the remark. Nicholson v. United States, 368 A.2d 561, 564 (D.C. 1977). The trial judge's decision to admit an excited utterance is accorded great deference and will be overturned only if clearly erroneous. Id, see also United States v. Glenn, 473 F.2d 191, 194 (D.C.Cir.1972) ("Declarations relating to the circumstances of a violent crime, made by the victim shortly after its occurrence … may be admissible although made in response to an inquiry.").

Here, the assault and threat with a gun provided "the presence of a serious occurrence which causes a state of nervous excitement or physical shock in the [victim]; 2) the statement was made within minutes of the event, which is clearly "a reasonably short period of time after the occurrence" and therefore shows that there was no reflection

2

about the statement; and 3) the presence of the circumstances of the report, 911 call, emotion, and reports to police, "suggest spontaneity and sincerity of the remark." Nicholson v. United States, 368 A.2d 561, 564 (D.C. 1977). Here the contents of the 911 tape are admissible excited utterances as are the victim's statements to the police.

The Present Sense Impression Exception to the Hearsay Rule

A statement qualifies as a "present sense impression" if the following factors are present: (1) there is a statement, (2) it describes or explains an event, and (3) it was made while the declarant was perceiving the event or condition, or immediately thereafter. Fed. Rules Evid. 803(1); see also Walker v. United States, 630 A.2d 658, 666 (D.C. 1993) ("The 'present sense' rule requires that a statement must describe or explain an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."). This 911 call and the subsequent statements to police also fall under the present sense impression, as they describe or explain an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

　　/S/
_____
Lincoln S. Jalelian
U.S. Department of Justice
1301 New York Avenue, NW, Suite 700
Washington, D.C. 20530
202-514-3707 Phone
202-514-3601 Fax

3

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served by electronic filing upon the attorneys for the defendant, Charles F. Daum 736 Fifth Street, NE Washington, DC 20002, (202) 546-8886; (202) 546-0330 (fax); charlesdaum@verizon.net, this  day of _____ September, 2005.

                                       /S/_____
                                       Lincoln S. Jalelian
                                       Trial Attorney, U.S. Department of Justice