**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 05-168** |
| v. | : | |
| **LYNWOOD T. DAVIS** | : | Trial Date: September 27, 2005 |

**GOVERNMENT'S MOTION TO ADMIT CROSS-ADMISSIBLE EVIDENCE PURSUANT TO RULE 404(b)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves this Court to admit evidence concerning another crime committed by the defendant, pursuant to Federal Rule of Evidence 404(b). This evidence is cross-admissible both to prove the Governments case that the defendant was a felon in possession of a firearm and also to show the defendant's intent, knowledge, and plan, and to show the lack of an accident or mistake.

FACTUAL BACKGROUND

The Instant Offense

On April 17, 2005, Officers with the Metropolitan Police Department responded to a 911 call and as a result of interviews detained the defendant for assault with a dangerous weapon. As a result of further investigation, the police sought and received a search warrant. The search revealed approximately 160 grams of crack cocaine and loaded 9 mm Luger semiautomatic pistol and magazine. The officers then arrested the defendant.

The Defendant's Prior Criminal Action

On November 30, 1992, the defendant was guilty of carrying a pistol, perjury, obstruction of justice, attempted subornation of perjury and simple assault. The defendant was sentenced to 8 years for perjury, three years for obstruction, and one year each for perjury, attempted subornation of perjury and simple assault. The sentences were to run concurrently with the 8 year sentence and he was sentenced under the Youth Act. The defendant did not complete his supervision. The Government seeks to introduce court records regarding the defendant's prior conviction for carrying a pistol.

ARGUMENT

At trial in this case, the Government will seek to introduce evidence, pursuant to Rule 404(b), concerning the defendant's prior conviction for unlawful possession a firearm.

Federal Rule of Evidence 404(b) is "'a specialized rule of relevancy.'" United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984) (quoting 2 J. Weinstein & M. Berger, Weinstein's Evidence 404-49). Specifically, Rule 404(b) places only a single restriction on the introduction of evidence of a person's bad acts: such evidence is inadmissible to prove "the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b); see also United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994) ("As this court has stated previously, '[o]nly one series of evidential hypotheses is forbidden in criminal cases by Rule 404: a man who commits a crime probably has a defect in character; a man with such a defect in character is more likely than men generally to have committed the act in question.'") (quoting Moore, 732 F.2d at 987 n.30); United States v. Rogers, 918 F.2d 207, 209 (D.C. Cir. 1990). Thus, "other

2

crimes" evidence is admissible under Rule 404(b) so long as it is relevant in any way other than by using the prohibited inference of bad conduct from bad character. See, e.g., United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir.) ("[U]nder Rule 404(b), any purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.") (emphasis in original), cert. denied, 498 U.S. 825 (1990).

After this Court determines that evidence "is relevant to a material issue other than character," and thus satisfies the Rule 404(b) inquiry, the Court must proceed to determine whether the probative value of the evidence is nevertheless "substantially outweighed" by the danger of unfair prejudice, in violation of Rule 403. United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir.), cert. denied, 516 U.S. 926 (1995). As its language reflects, however, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989; see also Huddleston v. United States, 485 U.S. 681, 688-689 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence."); United States v. Manner, 887 F.2d 317, 322 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990). The Court of Appeals has consistently reiterated that evidence must be excluded under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice. See, e.g., Clarke, 24 F.3d at 266; Moore, 732 F.2d at 989; United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978).

A trial court's determination that evidence is admissible under Rule 404(b) is reviewable for abuse of discretion. See United States v. Watson, 894 F.2d 1345, 1349

3

(D.C. Cir. 1990); United States v. Moore, 732 at 992 (trial courts have "wide discretion" in applying Rule 404(b)). A trial court's determination that evidence is admissible under Rule 403 is reviewed with "great deference," and will be reversed only in the event of a "grave abuse of discretion." United States v. Johnson, 970 F.2d 907, 912 (D.C. Cir. 1992) (internal quotation omitted). In reviewing a trial court's decision under Rule 403, the Court of Appeals will "give the evidence [at issue] its maximum reasonable probative force and its minimum reasonable prejudicial value." United States v. McDowell, 762 F.2d 1072, 1076 (D.C. Cir. 1985) (internal quotation omitted).

In this case, the Government must prove with regard to each count that the defendant knowingly, that is "consciously, not mistakenly, accidentally, or inadvertently," possessed the firearms and ammunition. See Criminal Jury Instructions. The prior unlawful possession of a firearm is relevant to show that the firearms and ammunition he possessed on his person on April 17, 2005, were not accidentally or inadvertently possessed (for example, that the firearms actually belonged to someone else). The earlier convictions are also relevant to and probative of his knowledge that his possession of the firearms and ammunition was in fact illegal. United States v. Brown, 16 F.3d 423 (D.C. Cir.), rehearing en banc, (1994).

4

## Conclusion

The Government submits that the defendant's prior conviction is relevant, admissible, and of greater probative than unfairly prejudicial value, in order to show the defendant's intent, knowledge, and motive, and to show that his possession of the firearm and ammunition charged in this case was not inadvertent, accidental or mistaken.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

   /S/
_____
Lincoln S. Jalelian
U.S. Department of Justice

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of the foregoing to be served by electronic filing upon the attorneys for the defendant, Charles F. Daum 736 Fifth Street, NE Washington, DC 20002, (202) 546-8886; (202) 546-0330 (fax); charlesdaum@verizon.net, this day of _____ September, 2005.

                                               /S/
                                            Lincoln S. Jalelian
                                            Trial Attorney, U.S. Department of Justice